IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| ARCHDIOCESE OF PHILADELPHIA, *Defendant* | : : : | No. 20-3024 |

## MEMORANDUM

PRATTER, J.                                                                                                           MARCH 2, 2021

Justice Oliver Wendell Holmes Jr. once asked, "What is the justification for depriving a man of his rights, a pure evil as far as it goes, in consequence of the lapse of time?"[1] He was speaking to the unavoidable tension between repose and vindication of rights created by statutes of limitation. Statutes of limitation, although foundational to our judicial system and applied by judges, are creatures of legislation. Their value is in their practicality and pragmatism. *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945). But they are also "by definition arbitrary." *Id.* They do not discriminate between the just and the unjust claim. Indeed, these procedural gatekeepers often operate to prevent the court from reaching the claim—regardless of its ultimate merits. That is the case here.

Roughly 40 years after he was allegedly sexually abused, John Doe filed a negligence and vicarious liability suit against the Archdiocese of Philadelphia for acts committed by one of the Diocesan priests when Doe was a minor. This is the second complaint Doe filed against the Archdiocese. In 2005, he filed a claim in Pennsylvania state court. That year, a Philadelphia grand jury concluded a two-year investigation, which found evidence of abuse of countless children by over 100 priests and a systematic cover-up of such events and allegations. Doc. No. 29-4. The

---

[1] Oliver W. Holmes, Jr., *The Path of the Law*, 10 Harv. L. Rev. 457, 476 (1897).

1

grand jury report detailed conduct by the priest who allegedly abused Doe. Doe's case, however, was dismissed as barred by the Commonwealth's statute of limitations.

In December 2019, New Jersey enacted its amended Child Victim's Act, expanding that state's statute of limitations on civil claims of child abuse, including those which would otherwise be barred as untimely. Shortly thereafter, Doe filed his case in the District of New Jersey. The case was then transferred by the New Jersey district court to this district on the grounds that the New Jersey court lacked personal jurisdiction over the Archdiocese.

The Archdiocese now moves for judgment on the pleadings and a dismissal of this case. For the reasons that follow, the Court grants the Archdiocese's motion.

## BACKGROUND AND PROCEDURAL HISTORY

John Doe alleges that he was sexually abused as a minor by a priest within the Archdiocese of Philadelphia between 1978 and 1982. Doc. No. 1 (Compl.) ¶¶ 3, 7, 38, 41, 45. At that time, Doe was a parishioner, altar server, and student at St. John the Evangelist Parish in Pennsylvania. Compl. ¶ 7. He alleges that the sexual abuse occurred repeatedly throughout those years, including at the church, the adjoining office, in the priest's car, and while on several trips to the Jersey shore. *Id.* ¶ 34. He sued the Archdiocese for claims of vicarious liability and negligence.[2] Although Doe is now 52 years old, he alleges that the scars of abuse have lasted far beyond childhood. *Id.* ¶ 2.

### I.     The 2005 Action

Doe previously filed suit against the Archdiocese and two former Archbishops based on the same conduct alleged here. The prior complaint asserted, among other things, common law duty of reasonable care, negligent supervision, and use of incompetent persons. Doc. No. 25 at Ex. 2. The Philadelphia Court of Common Pleas granted the defense motion for judgment on the

---

[2]     The priest died in 2017. Despite prominently appearing in the 2005 Philadelphia Grand Jury report, that priest was never criminally charged or prosecuted for allegations of abuse of dozens of children in the 1970s and 1980s.

pleadings in 2006 and dismissed the case as barred by the Commonwealth's statute of limitations. Doe appealed to the Pennsylvania Superior Court, which affirmed the dismissal in 2007. *See Lehman v. Archdiocese of Phila.*, 929 A.2d 254 (Pa. Super. Ct. 2007). The Pennsylvania Supreme Court likewise denied the appeal later that same year. *See Lehman v. Archdiocese of Phila.*, 934 A.2d 1278 (Pa. 2007).

## II.     New Jersey Amends Its Child Victims Act

Some dozen years later, in late 2019, the New Jersey legislature expanded that state's statute of limitations for childhood sexual abuse. N.J. Stat. Ann. § 2A:14-2a. Prior to the amendment, victims were subject to a two-year statute of limitations, which could be tolled in certain cases under a discovery exception. New Jersey's Charitable Immunity Act also historically immunized non-profit organizations and public entities from suit for negligence. *Id.* § 2A:53A-7.

Under the amended limitations period, a plaintiff who was sexually assaulted as a minor has 37 years after reaching the age of majority to bring a claim. Moreover, for cases that were previously barred by New Jersey's previous limitations period, the law includes a two-year retroactive window that allows otherwise untimely claims to be commenced. *Id.* § 2A:14-2b. The New Jersey legislature likewise amended the Charitable Immunity Act to permit suits subjecting otherwise-immunized organizations to retroactive liability for willful, wanton, or grossly negligent acts resulting in sexual abuse. *Id.* § 2A:53A-7.

## III.    The 2019 Action

The day after New Jersey's amended law took effect, Doe filed this action against the Archdiocese in the District of New Jersey. The Archdiocese moved to dismiss for lack of personal jurisdiction. Although the Complaint alleges instances of abuse in New Jersey, Judge Freda Wolfson found that New Jersey did not have personal jurisdiction over the Archdiocese, *Doe v. Archdiocese of Phila.*, No. CV 19-20934 (FLW), 2020 WL 3410917 (D.N.J. June 22, 2020),

3

because, even if the priest engaged in abuse in New Jersey, none of the Archdiocese's supervisory duties deliberately targeted the state. Any employment or assignment decisions involving the priest were not alleged to have been made in New Jersey. *Id.* Judge Wolfson emphasized that Doe was a Pennsylvania resident and parishioner of a Pennsylvania church. Whatever supervisory responsibilities and alleged policies and organizational decisions were made were done by the Archdiocese in Philadelphia. *Id.* at *3.

The court also rejected the theory that the Archdiocese's alleged knowledge that the priest transported children to New Jersey for the purpose of abuse (and that such conduct was "foreseeabl[e]") was sufficient to establish jurisdiction. *Id.* at *3 (discussing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). And, although the Archdiocese owned properties in New Jersey, Doe did not allege that any of the assaults took place at those properties. *Id.* at *4.

However, rather than dismiss the case, she transferred the case to the Eastern District of Pennsylvania under 28 U.S.C. § 1406, based on a finding that the Archdiocese's principle place of business and substantial part of the events giving rise to the claims occurred in this district. *Id.* at *5.

## IV. Pennsylvania's Statute of Limitations

Unlike New Jersey, Pennsylvania has not amended its statute of limitations period. A personal injury action based on negligence must be brought within two years of the date of the injury. 42 Pa. C.S.A. § 5524.

### STANDARD OF REVIEW

Rule 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed—but early enough not to delay trial. *See* Fed. R. Civ. P. 12(c). Judgment on the pleadings is not warranted unless the movant clearly establishes that "there are no material

4

issues of fact, and that he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

In deciding a motion for judgment on the pleadings under Rule 12(c), the Court considers the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, matters of public record, and indisputably authentic documents attached to the motion—provided the claims are based on these documents. *See* Fed. R. Civ. P. 12(c); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).

A Rule 12(c) motion based on the defense that a plaintiff has failed to state a claim is analyzed using the same standards that apply to a Rule 12(b)(6) motion. *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revell v. Port Auth. of NY, NJ*, 598 F.3d 128, 134 (3d Cir. 2010)). So, the Court must accept the allegations in the pleading as true and must draw all reasonable inferences in favor of the non-moving party. *Id.* at 417-18. The motion will be granted if the plaintiff fails to plead enough facts to "raise a right to relief above the speculative level." *Havassy v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 545 (E.D. Pa. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court may properly consider a statute of limitations defense on a motion for judgment on the pleadings. *Holden v. Homesite Ins. Co.*, No. CV 19-2167, 2020 WL 2079402, at *4 (E.D. Pa. Apr. 30, 2020). Likewise, a party may raise the affirmative defense of res judicata on a motion for judgment on the pleadings. *Nybeck v. A.O. Smith Corp.*, No. CV 17-4428, 2020 WL 6265342, at *1 (E.D. Pa. Aug. 27, 2020).

### DISCUSSION

The viability of Doe's claims depends on the threshold—and, in this case, dispositive—procedural question of the proper statute of limitations.

Although the Complaint alleges abuse in Pennsylvania and New Jersey, Doe says that he is seeking damages only from injuries sustained in New Jersey. So doing, he relies on New Jersey's amended statute of limitation, and the two-year retroactive window, for arguing that his Complaint is timely. N.J. Stat. Ann. § 2A:14-2a.

The Archdiocese responds that, under relevant choice of law principles, the Court must first apply Pennsylvania's choice of law rules. This leads to applying Pennsylvania's two-year statute of limitations. In this case, the Archdiocese argues that Doe's claims are time-barred. The Court must agree.

To understand why, the Court addresses the following related issues: (1) the impact of the transfer on which statute of limitations governs; (2) the application of Pennsylvania's conflict of laws; and (3) the impact—if any—of Pennsylvania's borrowing statute on Doe's claims. Each is considered in turn.

## I. Transfer Under § 1406

In general, federal district courts apply the choice-of-law rules of the state in which they sit. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). An exception exists when an action has been transferred from one district to another. *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). In such a case, the transferee court applies the same choice-of-law rules as the transferor court. But there is an exception to the exception. When "the case was transferred to cure a lack of personal jurisdiction," the transferee court applies its own choice-of-law rules. *Liakakos v. Cigna Corp.*, No. CIV.A. 87-0390, 1989 WL 5325, at *2 (E.D. Pa. Jan. 20, 1989), *aff'd*, 879 F.2d 858 (3d Cir. 1989); *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 165 (3d Cir. 1980), *rev'd on other grounds*, 454 U.S. 235 (1981).

Here, after finding it did not have personal jurisdiction over the Archdiocese, the New Jersey court transferred the case to this district pursuant to 28 U.S.C. § 1406(a). *Doe v.*

*Archdiocese of Phila.*, No. CV 19-20934 (FLW), 2020 WL 3410917 (D.N.J. June 22, 2020).[3]

Transfer under § 1406(a) is designed to preserve claims when outright dismissal may otherwise bar them. *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007). "Where a case is transferred pursuant to § 1406, rather than § 1404(a), the statute of limitations of the transferee court, not the transferor court, applies." *In re Winstar Commc'ns, Inc.*, 591 F. App'x 58, 60 (3d Cir. 2015). This rule is intended to prevent a defendant from being unfairly prejudiced by plaintiff's improper forum selection. The rule also aims to prevent gamesmanship whereby a plaintiff files in an improper forum to take advantage of longer statutes of limitations and hopes to enjoy the benefit of the longer period even after transfer. So, under Third Circuit precedent, Pennsylvania's statute of limitations applies to this case.

## II. Pennsylvania's Conflict of Laws

Pennsylvania's own conflict of laws rules also leads to the application of its statute of limitations. That is because Pennsylvania treats statutes of limitation as procedural, not substantive law. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985) ("Pennsylvania courts ordinarily apply the Pennsylvania statute of limitations. Thus, we conclude that a Pennsylvania court would apply its own limitations statute in determining the timeliness of plaintiff's claims."); *cf. Kornfeind v. New Werner Holding Co.*, 241 A.3d 1212, 1221 (Pa. Super. Ct. 2020) ("In

---

[3] Judge Wolfson's ruling that the District of New Jersey lacked personal jurisdiction over the Archdiocese constitutes law of the case. As the Third Circuit Court of Appeals explains, the doctrine "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation. [It] applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). The doctrine does not bind the Court. Rather, it guides the Court's exercise of discretion.

To that end, the Supreme Court has clarified that a court should be "loathe" to revisit a coordinate court's decisions and should do so only upon a showing of "extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17 (1988). This Circuit has interpreted extraordinary circumstances warranting reconsideration to entail situations where new evidence is available, there is a supervening new law, or the earlier decision was "clearly erroneous." *Schneyder v. Smith*, 653 F.3d 313, 331-32 (3d Cir. 2011). Doe does not challenge the prior ruling, or otherwise argue that it is not law of the case. Nor does this Court find that any of the "extraordinary circumstances" apply to warrant reconsideration.

Pennsylvania, statutes of limitations are a form of procedural law that bar recovery on an otherwise viable cause of action."). To be sure, this approach is not universally adopted. As Doe points out, some courts, including the Ninth Circuit Court of Appeals, apply an interest analysis to determine which statute of limitations governs. *Ledesma v. Jack Stewart Produce*, 816 F.2d 482 (9th Cir. 1987).[4] But Pennsylvania, and the federal courts within it, have declined to adopt an interest-based analysis to questions of procedural law.[5] The Court declines Doe's invitation to import an interest analysis here.

The Court's finding is supported by district courts within this Circuit that likewise apply Pennsylvania's statute of limitations when sitting in diversity, rather than first undertaking an interest analysis. *See, e.g., Kang Haggerty & Fetbroyt LLC v. Hayes*, No. 2:17-CV-1295, 2018 WL 1145803, at *3 (E.D. Pa. Mar. 1, 2018); *Sherfey v. Johnson & Johnson*, No. CIV.A. 12-4162, 2014 WL 715518, at *12 (E.D. Pa. Jan. 29, 2014); *Donovan v. Idant Labs.*, 625 F. Supp. 2d 256, 265 (E.D. Pa. 2009), *aff'd sub nom. D.D. v. Idant Labs.*, 374 F. App' x 319 (3d Cir. 2010); *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 552 F. Supp. 2d 515, 523 (E.D. Pa. 2008); *AAMCO Transmissions, Inc. v. Harris*, 759 F. Supp. 1141, 1143-44 (E.D. Pa. 1991); *Cistone v. Ford Motor Co.*, 504 F. Supp. 328, 330 (E.D. Pa. 1980).

---

[4] As described by the Ninth Circuit Court of Appeals, the "governmental interest" approach to conflict-of-laws analysis is a multi-step process. After finding that the laws of two jurisdictions differ, the court must determine whether there is a "true conflict." A true conflict exists when both states "have an interest in applying their respective law." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir. 1987) (applying California law). In such a case, the court then applies "the law of the state whose interest would be more impaired if its law were not applied." *Id.*

[5] Pennsylvania applies a flexible hybrid methodology for choice-of-law issues that combines the "most significant relationship" test and an "interest-analysis" approach to determine the application of *substantive* law. *Melville v. Am. Home Assurance Co.*, 584 F.2d 1306, 1311-13 (3d Cir. 1978). The Commonwealth does not endorse this approach to determine procedural law, including the relevant statute of limitations. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985) (applying Pennsylvania law).

8

Pennsylvania thus applies its own statutes of limitations unless the "borrowing statute" applies. *Agere Sys., Inc.*, 552 F. Supp. 2d at 523. For reasons discussed below, the borrowing statute does not change the analysis here.

### III.     Pennsylvania's Borrowing Statute

When the cause of action accrues in another state, Pennsylvania's "borrowing statute" provides an exception to the general rule that the Commonwealth's limitations period necessarily applies. This exception becomes relevant because Doe maintains in his opposition that he has narrowed the scope of his complaint to focus only on alleged abuse in New Jersey. A careful reading of the text of the statute, however, shows that this "exceptional" choice of law rule does not alter the foregoing analysis.

When part of the injury occurred in a foreign jurisdiction subject to a different limitations period, the borrowing statute provides that Pennsylvania applies the shorter period of limitations. 42 Pa. C.S.A. § 5521(b). The statute has been interpreted to apply when two conditions are met: (1) the claim accrues in another state, and (2) the law of that state bars the claim before the Pennsylvania statute of limitations. *Jacobs v. Halper*, 116 F. Supp. 3d 469, 478 (E.D. Pa. 2015) (discussing *Ross*, 766 F.2d at 828). Pennsylvania's limitations period applies unless the foreign jurisdiction's would bar the claim first.

At this stage, the Court must accept the allegations as pled, including allegations that Doe was abused in both New Jersey and Pennsylvania. The parties do not raise the issue of whether the claims properly "accrued" in New Jersey. But, ultimately, such a determination is irrelevant.

Here, because Pennsylvania's two-year statute of limitations is shorter than New Jersey's, the borrowing statute does not direct the Court to apply New Jersey law. The plain and unambiguous text of the statute provides that the *shorter* of the two limitations periods applies. *Frankentek Residential Sys., LLC v. Buerger*, 15 F. Supp. 3d 574, 581 (E.D. Pa. 2014) (applying

9

Pennsylvania law). When the shorter limitations period is the one provided by Pennsylvania, Pennsylvania does not need to borrow another state's statute of limitation. That is the case here.

The Third Circuit Court of Appeals has recognized that the statute is "not designed to benefit plaintiffs by allowing them to take advantage of a longer foreign limitations period when bringing their claims in another forum." *Ross*, 766 F.2d at 827. But the Court is mindful of the harsh results that may result from its application. *See Hartz v. Diocese of Greensburg*, 94 F. App'x 52 (3d Cir. 2004). On somewhat analogous facts, Mr. Hartz alleged that a priest transported him when he was a minor to other jurisdictions where Mr. Hartz was then abused. In affirming that Pennsylvania's two-year limitations period applied to bar the negligence claims, the appellate court held that no conflict-of-laws analysis was necessary. *Id.* at 55. Pennsylvania's shorter limitations period applied.[6] That reasoning applies here too.

For tort claims involving personal injuries, the limitations period in Pennsylvania is two years. 42 Pa. C.S.A. § 5524. Doe does not raise a tolling argument, or one based on any discovery rule to suggest that the claims in Pennsylvania would otherwise be timely. Application of the Commonwealth's statute thus precludes claims that accrued in the 1980s, like Doe's.[7]

---

[6] Because the Court finds that Pennsylvania's statute of limitations applies, and bars, the claims, it does not reach the Archdiocese's res judicata argument.

[7] Although the Commonwealth amended the statute of limitations in 1984, at most it tolled the statute of limitations for minors during the period of their minority plus another two years. 42 Pa. C.S.A § 5533(b)(1984). The statute was amended again in 2002. However, that amendment expressly stated that it would not "be applied to revive an action which has been barred by an existing statute of limitations on the effective date of this act." 2002 Pa. Legis. Serv. Act 2002-86 (S.B. 212).
    Accounting for Pennsylvania's minor tolling statute, the Archdiocese maintains that Doe's claims expired in January 1988 at the latest. This date represents two years after Doe reached maturity and assumes the 1984 minor tolling statute—affording a claimant an additional two years to bring a cause of action—applies.
    Doe turned 18 on 1986. He alleges that the abuse lasted until 1982. So, neither amendment operates to save Doe's claims here. If the 1984 tolling amendment does not apply, he had to file by 1984 (two years after the alleged abuse ceased). If the tolling amendment did apply, then he had until 1988.

CONCLUSION

For the reasons set out in this Memorandum, the Court grants the Archdiocese's motion for judgment on the pleadings and dismisses this case. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE